UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROGRESSIVE EXPRESS INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br><br>KKN TRANSPORT, INC.; ONEIL PLASENCIA; MD S. ALAM; HEREFORD INSURANCE COMPANY; ABC INSURANCE COMPANIES 1-10 (said names and identities being FICTITIOUS AND presently unknown); JOHN DOES 1-10 (said names and identities being FICTITIOUS AND presently unknown),<br><br>Defendants | Civil Action No.<br><br><br><br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

## **PREAMBLE**

Plaintiff PROGRESSIVE EXPRESS INSURANCE COMPANY ("PROGRESSIVE"), by and through its attorneys, files this Complaint for Declaratory Judgment against defendants ONEIL PLASENCIA; MD S. ALAM; HEREFORD INSURANCE COMPANY; ABC INSURANCE COMPANIES 1-10 (said names and identities being FICTITIOUS AND presently unknown); JOHN DOES 1-10 (said names and identities being FICTITIOUS AND presently unknown), and alleges upon information and belief:

1

## NATURE OF ACTION

1. This Complaint is a request for judgment declaring that PROGRESSIVE is under no obligation to defend or indemnify KKN TRANSPORT, INC., ONIEL PLASENCIA or any other party relative to the claims brought in the underlying action captioned as *MD S. Alam v. Oniel Plasencia and KKN Transport, Inc.,* pending in New York Supreme Court, Bronx County, under Index Number 35657/2020E because PROGRESSIVE did not insure the vehicle involved in the accident, nor was the operator of the unlisted vehicle a listed driver under the PROGRESSIVE policy.

## THE PARTIES

2. PROGRESSIVE is an insurance company duly organized and existing under and by virtue of the laws of the State of Ohio with its principal place of business in Mayfield, Ohio and is licensed to write insurance and conduct business in the State of New York.

3. At all times hereafter mentioned, Defendant KKN TRANSPORT, INC. was and still is a corporation organized and existing under and by virtue of the laws of the State of Florida.

4. At all times hereafter mentioned, Defendant ONIEL PLASENCIA was and still is an adult resident of the County of Miami-Dade, State of Florida.

5. At all times hereafter mentioned, upon information and belief, Defendant MD S. ALAM was and still is an adult resident of the County of Queens, State of New York.

6. At all times hereafter mentioned, HEREFORD INSURANCE COMPANY is an insurance company duly organized and existing under and by virtue of the laws of the State of New York with its principal place of business in Queens, New York and is licensed to write insurance and conduct business in the State of New York.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 in that it arises between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, insofar as the value of the right being protected and/or the injury being averred exceeds $75,000.

8. Venue is proper in this district under 28 USC § 1391(a)(2) and (b)(1) because the plaintiff in the underlying tort action, MD S. ALAM, is, upon information and belief, a resident of Queens County, New York, and HEREFORD INSURANCE COMPANY, maintains its principal place of business in Queens County, New York and conducts business in Queens County, New York and upon information and belief, the HEREFORD INSURANCE COMPANY policy was delivered to MD S. ALAM in Queens County, New York.

## THE UNDERLYING ACCIDENT

9. This declaratory judgment action arises out of an underlying lawsuit filed in New York Supreme Court, Bronx County by MD S. ALAM captioned as *MD S. Alam v. Oniel Plasencia and KKN Transport, Inc.* pending in New York Supreme Court, Bronx County, under Index Number 35657/2020E.

10. MD S. ALAM alleges that on December 6, 2019, he was involved in an accident with a 2013 International tractor bearing a VIN ending in 5507, owned by defendant KKN TRANSPORT, INC. and operated by defendant ONIEL PLASENCIA.

11. MD S. ALAM alleges he sustained personal injuries as a result of the accident (the "Underlying Accident").

12. In his Complaint, MD S. ALAM alleges that the 2013 International tractor is owned by KKN TRANSPORT, INC. and/or ONIEL PLASENCIA.

13. In his Complaint, MD S. ALAM alleges that the at the time of the accident, the 2013 International tractor was being operated by defendant ONIEL PLASENCIA.

14. MD S. ALAM alleges that ONIEL PLASENCIA was an employee of KKN TRANSPORT, INC. and acting within the scope of his employment with KKN TRANSPORT, INC.

## THE PROGRESSIVE POLICY

15. PROGRESSIVE issued a Commercial Auto Policy to named insured KKN TRANSPORT, INC. under policy number 06613985-1, with a policy period of March 14, 2019 to March 14, 2020 ("the PROGRESSIVE policy").

16. The 2013 International tractor is not listed on the PROGRESSIVE policy.

17. The PROGRESSIVE policy includes liability coverage where the accident arises out of the ownership, maintenance or use of an insured auto. The policy's insuring agreement for liability coverage provides in pertinent part:

> PART 1- LIABILITY TO OTHERS
> INSURING AGREEMENT – LIABILITY TO OTHERS
>
> Subject to the Limits of Liability, if you pay the premium for liability coverage for the insured auto involves, we will pay damages, other than punitive or exemplary damages, for bodily injury, property damage, and covered pollution cost or expense, for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of that insured auto. However, we will only pay for the covered pollution cost or expense if the same accident also caused bodily injury or property damage to wish this insurance applies.
>
> We will settle or defend, at our option, any claim or lawsuit for damages covered by this Part I. We have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

18.     The PROGRESSIVE policy additionally contains the following provisions,

PART I – LIABILITY TO OTHERS

ADDITIONAL DEFINITIONS USED IN THIS PART ONLY

A.      When used in Part I - Liability To Others, Insured means:

1. You, and if the named insured is a natural person, your resident spouse, with respect to an insured auto.
2. Any person while using, with your permission, and within the scope of that permission, and insured auto you own, hire or borrow except

(a) A person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing autos, unless that business is yours and it was also represented in your application.

(b) A person, other than one of your employees, partners (if you are a partnership), members (if you are a limited liability company), officers or directors (if you are a corporation), or a lessee or borrower of any of their employees, while he or she is moving property to or from an insured auto.

(c) The owner or anyone else from whom the insured auto is leased, hired, or borrowed unless the insured auto is a trailer connected to a power unit that is an insured auto. However, this exception does not apply if the insured auto is specifically described on the declarations page.

For purposes of this subsection A.2., and insured auto you own includes any order specifically described on the declarations page.

3. Any other person or organization, it only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I - Liability To Others.

If we make a filing or submit a certification of insurance on your behalf with a regulatory or governmental agency, the term "insured" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named on such filing, certificate or endorsement.

B. When used in Part I - Liability To Others, insured auto also includes:
1. Trailers designed primarily for travel on public roads, while connected to your insured auto that is a power unit;
2. Mobile equipment while being carried or towed by an insured auto; and
3. Any temporary substitute auto.

18.     The Policy provides the following relevant definitions:

5.     **"Insured auto" or "your insured auto"** means:

a. Any **auto** specifically described on the declarations page; or
b. An additional **auto** for Part I – Liability to Others and/or Part II –
Damage To Your Auto on the date **you** become the owner if:
   **(i) you** acquire the **auto** during the policy period shown on the
   **Declarations page;**
   (ii) we insured all **autos** owned by you that are used in your business;
   (iii) no other insurance policy provides coverage for that **auto**; and

5

      (iv) **you** tell **us** within 30 days after **you** acquire it that you want **us** to
      cover it for that coverage.

   If you add any coverage, increase your limits or make any other changes to this
   Policy during the 30 day period after you acquire an additional auto, these changes
   to your policy will not become effective until after you ask us to add the coverage,
   increase your limits or make such changes for the additional auto. We may charge premium
   For the additional auto from the date you acquire the auto.

   With respect to Part II – Damage to Your Auto, if we provide coverage for an
   auto you acquire in addition to any auto specifically described on the declarations page,
   and the additional auto is:

   (i). A private passenger auto, we will provide the brightest coverage we provide for
   any auto shown on the declarations page; or
   (ii). Any auto other than a private passenger auto, and you have purchased Physical
   Damage coverage for at least one auto other than a private passenger auto, we will provide
   the broadest coverage for which the newly acquired auto is eligible.

   c.  Any replacement auto on the date you become the owner if:
   (i) you acquire the auto during the policy period shown on the declarations page;
   (ii) the auto that you acquire replaces one specifically described on the declarations page
   due to termination of your ownership of the replaced auto or due to mechanical breakdown of,
   deterioration of, or a loss to the replaced auto that renders it permanently in operable; and
   (iii) no other insurance policy provides coverage for that auto. If we provide coverage for a
   replacement auto, we will provide the same coverage for the replacement auto as we provide for the
   replaced auto. We will provide that coverage for a period of 30 days after you become the owner
   of such replacement auto. We will not provide any coverage after this 30 day period unless
   within this period you ask us to insure the replacement auto.  If you add any coverage,
   increase your limits or make any other changes to your policy during this 30 day period,
   these changes to your policy will not become effective until after you ask us to add
   the coverage, increase your limits or make such changes.

  14.  **"Temporary substitute auto"** means any auto you do not own while used with the permission
    of its owner as a temporary substitute for an insured auto that has been withdrawn from
    Normal use due to breakdown, repair, servicing, loss or destruction.

  19.  THE PROGRESSIVE policy is modified by Form MCS-90, the Endorsement for

Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor

carrier Act of 1980, which includes the following language:

  The insurance policy to which this endorsement is attached provides automobile liability insurance
  and is amended to assure compliance by the insured, within the limits stated herein, as a motor
  carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and
  regulations of the Federal Motor Carrier Safety Administration (FMSCA).

  In consideration of the premium stated in the policy to which this endorsement is
  attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any
  final judgment recovered against the insured for public liability resulting from negligence in the
  operation, maintenance or use of motor vehicles subject to the financial responsibility requirements

of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.

Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

20. PROGRESSIVE received notification of the ALAM Complaint, which was reported under the PROGRESSIVE policy issued to KKN TRANSPORT, INC. and immediately undertook an investigation, including review of the Declaration page of the PROGRESSIVE policy issued to KKN TRANSPORT, INC. and determined that the 2013 International tractor was not shown on the Declaration page, nor was ONIEL PLASENCIA a listed driver under the policy.

21. PROGRESSIVE undertook a further coverage investigation and sought the cooperation of KKN TRANSPORT, INC. and ONIEL PLASENCIA. KKN TRANSPORT, INC. indicated that at the time of the accident, the 2013 International tractor was not performing any transportation for and/or acting in the motor carrier business of KKN TRANSPORT, INC. There was no evidence produced as to the identity of the liability insurer who insured the 2013 International tractor involved in the accident, nor was there any evidence produced as to the identity of the motor carrier for whom any transportation, if any, was being performed by ONIEL PLASENCIA at the time of the accident.

22. By way of partial declination of coverage/reservation of rights PROGRESSIVE declined coverage to KKN TRANSPORT, INC. and ONIEL PLASENCIA for any and all claims

arising out of the subject-matter accident, as the tractor involved in the accident would not meet the definition of an "insured auto" and ONIEL PLASENCIA would not meet the definition of an "insured."

23. However, PROGRESSIVE agreed to defend KKN TRANSPORT, INC. and ONIEL PLASENCIA under a reservation of rights, to the extent that there was no coverage as the tractor involved in the accident would not meet the definition of an "insured auto" and ONIEL PLASENICA would not meet the definition of an "insured."

## THE HEREFORD INSURANCE POLICY

24. Upon information and belief, the defendant HEREFORD INSURANCE COMPANY issued an auto policy to MD S. ALAM under policy number a policy number XXXXXX63 which was, upon information and belief, in full force and effect at the time of the accident. Upon information and belief, this policy provides Uninsured Motorist Coverage to MD S. ALAM for the claims made with respect to the subject-matter accident.

## DECLARATORY RELIEF

## AS AND FOR A FIRST CAUSE OF ACTION

25. PROGRESSIVE repeats and realleges each and every allegation contained in paragraphs 1 through 24 above as if fully set forth herein.

26. THE PROGRESSIVE policy provides for Liability to Others coverage only for claims for damages "for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of [an] insured auto."

27. The tractor operated by ONIEL PLASENCIA on the date of the accident which was involved in an accident with a vehicle operated by MD S. ALAM was not listed on the declarations page of the PROGRESSIVE policy issued to KKN TRANSPORT, INC.

28. On the date of the accident ONIEL PLASENCIA was not a listed driver on the declarations page of the PROGRESSIVE policy issued to KKN TRANSPORT, INC. and therefore does not qualify as an "insured" under the policy.

29. Thus, because the 2013 International tractor that was involved in the subject-matter accident is not an "insured auto," and as ONIEL PLASENCIA does not qualify as an "insured," there is no coverage afforded to KKN TRANSPORT, INC, ONIEL PLASENCIA or any other party under the PROGRESSIVE policy issued to KKN TRANSPORT, INC. for the claims and lawsuit arising out of the subject-matter accident.

## AS AND FOR A SECOND CAUSE OF ACTION

30. PROGRESSIVE repeats and realleges each and every allegation contained in paragraphs 1 through 29 above as if fully set forth herein.

31. The PROGRESSIVE policy contains an MCS-90 Endorsement.

32. By its terms, the Form MCS-90 Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980 applies only to accidents occurring as a result of the interstate carriage for hire of property in interstate commerce by a vehicle with a gross vehicle weight of 10,000 or more pounds by the named insured, KKN TRANSPORT, INC.

33. Upon information and belief, at the time of the accident, based on the information contained in the Police Accident report, the tractor operated by ONIEL PLASENCIA may have carried the placards of KKN TRANSPORT, INC.

34. Upon information and belief, at the time of the accident ONIEL PLASENCIA was not engaged in the for-hire transportation of any property in interstate commerce on behalf of KKN TRANSPORT, INC.

35. Therefore, the surety contained in the MCS-90 Endorsement attached to the PROGRESSIVE policy issued to KKN TRANSPORT, INC. is not triggered with regard to the within claim and lawsuit of MD S. ALAM.

WHEREFORE, PROGRESSIVE respectfully requests judgment:

(1) Declaring that there is no coverage under the PROGRESSIVE policy for the claim asserted by MD S. ALAM in the within lawsuit;

(2) Declaring that PROGRESSIVE has no obligation to defend or indemnify KKN TRANSPORT, INC., ONIEL PLASENCIA or any other party in connection with the claims made by MD S. ALAM in the within lawsuit;

(3) Declaring that PROGRESSIVE may withdraw from the defense of KKN TRANSPORT, INC. and ONIEL PLASENCIA in the within action;

(4) Declaring that the MCS-90 Endorsement contained in the PROGRESSIVE policy is not triggered with respect to the claims and damages asserted and/or any judgment which may be obtained in the within matter by MD S. ALAM;

(5) Declaring that the policy issued by HEREFORD INSURANCE COMPANY is obligated to provide Uninsured Motorist Coverage for any and all claims asserted by MD S. ALAM;

(6) Declaring that PROGRESSIVE is entitled to the costs and disbursements of the within declaratory judgment action, including but not limited to attorneys' fees and costs of suit; and

(7) Declaring that this Court grant PROGRESSIVE such further and other relief as this Court may deem just, proper and equitable.

Dated: October 20, 2022
      New York, New York

                         LAW OFFICES OF LORNE M. REITER, LLC

                        By: _____/s_____
                              LORNE M. REITER, ESQ.
                              *Attorneys for Plaintiff (Local Counsel)*
                              *Progressive Express Insurance Company*
                              14 Wall Street
                              20th Floor
                              New York, New York 10005
                              (212) 222-0955

KKN TRANSPORT, INC.
13302 SW 210th Street
Miami, Florida 33177

KKN TRANSPORT, INC.
c/o Rochester Process, LLC
204 Elmwood Avenue
#330
Rochester, New York 14618

ONEIL PLASENCIA
199942 NW 52nd Avenue
Opa-Locka, Florida 33055

HEREFORD INSURANCE COMPANY
c/o New York State Department of Financial Services
One Commerce Plaza
99 Washington Avenue
20th Floor
Albany, New York 11231

MD S. ALAM
86-75 Midland Parkway
Queens, New York 11432

SURDEZ & PEREZ, P.C.
Attorneys for Plaintiff MD S. Alam
32-72 Steinway Street
Suite 401
Astoria, New York 11103