UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROGRESSIVE EXPRESS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>KK TRANSPORT, INC.; ONEIL PLASENCIA; MD S. ALAM; HEREFORD INSURANCE COMPANY, | Case No: 1:22-cv-06394 |

The defendant, HEREFORD INSURANCE COMPANY, by its attorneys, LAW OFFICE OF DEIRDRE J. TOBIN, ESQ., for their answer to the Complaint, respectfully allege, upon information and belief as follows:

## NATURE OF ACTION

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint. Paragraph 1 contains conclusions of law, to which no response is required.

## THE PARTIES

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Admitted.

## JURISDICTION AND VENUE

7. Defendant Denies in part; admitted in part. Paragraph 7 contains conclusions of law, to which no response is required. However, defendant admits that this Court has jurisdiction over the subject matter of the Complaint.

8. Defendant Denies in part; admitted in part. Paragraph 8 contains conclusions of law, to which no response is required. However, defendant admits that this Court has jurisdiction over the subject matter of the Complaint.

## THE UNDERLYING ACCIDENT

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, except admits that there is a police report regarding the accident of December 6, 2019 which shows the vehicles and parties involved in said accident.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

## THE PROGRESSIVE POLICY

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Defendant denies in part knowledge or information sufficient to form a belief as to any coverage investigation under taken by plaintiff and denies all remaining factual allegations in paragraph 20.

21. Defendant denies in part knowledge or information sufficient to form a belief as to

any coverage investigation under taken by plaintiff and denies all remaining factual allegations in paragraph 21.

22. Defendant denies knowledge or information sufficient to form a belief as to the matters set forth in paragraph 22 of the Complaint.

23. Defendant denies in part knowledge or information sufficient to form a belief as to any coverage investigation under taken by plaintiff and denies all remaining factual allegations in paragraph 23.

## THE HEREFORD INSURANCE POLICY

24. Defendant Denies the matters set forth in paragraph 24 of the Complaint, except admits that Defendant issued to MD S. ALAM a policy of insurance which contains an uninsured motorist endorsement.

## AS AND FOR A FIRST CAUSE OF ACTION

25. Defendant repeats and re-alleges each and every admission and denial made in answer to paragraphs "1" through "24" herein, with the same force and effect as if herein set forth in detail above.

26. Defendant denies knowledge or information sufficient to form a belief as to the matters set forth in paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the matters set forth in paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the matters set forth in paragraph 28 of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the matters set forth in paragraph 29 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

30. Defendant repeats and re-alleges each and every admission and denial made in answer to paragraphs "1" through "29" herein, with the same force and effect as if herein set forth in detail above.

31. Defendant denies knowledge or information sufficient to form a belief as to the matters set forth in paragraph 31 of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the matters set forth in paragraph 32 of the Complaint.

33. Denied.

34. Denied.

35. Denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff has fails to state a cause of action upon which relief can be granted against Hereford Insurance Company.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The uninsured motorist endorsement in the policy issued to co-defendant MD S. ALAM was and is not triggered for the accident in question since the tort feasor vehicle was covered by a policy of insurance that is in effect on the date of accident.

WHEREFORE, the Defendant asks this Court to dismiss the Complaint and enter judgment in favor of defendant.

Dated: November 11, 2022
       Long Island City, NY

                                          Yours, etc.

                                          LAW OF DEIRDRE TOBIN, ESQ.

                                          By:___s/ *Deirdre Tobin*_____
                                               Deirdre Tobin, Esq.
                                          Attorneys for Defendant
                                          Office and P.O. Address
                                          36-01 43rd Avenue
                                          Long Island City, NY 11101
                                          (718) 316-0027

To:
Law Offices of Lorne M. Reiter, LLC
Attorneys for Plaintiff
14 Wall Street, 20th Floor
New York, NY 10005
(212) 222-0955

Surdez & Perez, PC
Attorneys for MD S. Alam
32-72 Steinway Street
Suite 401
Astoria, NY 11103

KKN Transport Inc.
c/o Rochester Process, LLC
204 Elmwood Avenue
#330
Rochester, NY 14618

Oneil Plasencia
199942 NW 52nd Avenue
Opa-Locke, FL 33055

STATE OF NEW YORK)
: ss.:
COUNTY OF QUEENS)

NATALIYA MASLOVA, being duly sworn, deposes and says:

That deponent is not a party to the within action, is over 18 years of age and resides in Kings County, New York.

That on the _17th_ day of _November_, 20_22_, deponent served the within **ANSWER** upon the following at their addresses, their addresses designated by each of them as their post office address for that purpose, by depositing true copies of same enclosed in postpaid, properly addressed envelopes, in an official receptacle under the exclusive care and custody of the United States Post Office Department within the State of New York:

Surdez & Perez, PC
Attorneys for MD S. Alam
32-72 Steinway Street
Suite 401
Astoria, NY 11103

KKN Transport Inc.
c/o Rochester Process, LLC
204 Elmwood Avenue
#330
Rochester, NY 14618

Oneil Plasencia
199942 NW 52nd Avenue
Opa-Locke, FL 33055

_Nataliya Maslova_
NATALIYA MASLOVA

Sworn to before me this _17th_
day of _Nov_, 20_22_

_____
NOTARY PUBLIC

ELINA AMELYAN
NOTARY PUBLIC-STATE OF NEW YORK
No. [illegible]
Qualified in [illegible] County
My Commission Expires [illegible]